IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHIE F. LEVINE, | : |
| | : Case No. 4:08-CV-114 |
| Plaintiff | : |
| | : |
| v. | : (Judge McClure) |
| | : |
| WALMART STORES, INC., | : |
| | : |
| Defendants. | : |

**O R D E R**

January 23, 2008

**BACKGROUND:**

On January 17, 2008, plaintiff Richie F. Levine, pro se, filed a complaint against defendant, Walmart Stores, Inc. ("Walmart"). Levine's complaint sets forth a claim based on Title VII of the Civil Rights Act of 1964. Specifically, Levine is a convicted sex offender and challenges Walmart's policy of refusing to hire individuals who have been convicted of felony sex offenses.

We will grant plaintiff's motion to proceed in forma pauperis. After reviewing Levine's complaint as required by 28 U.S.C. § 1915(e)(2)(B), we have determined that the complaint fails to state a claim upon which relief can be granted and will dismiss the complaint. Furthermore, we will deny Levine's motion for appointment of counsel.

**DISCUSSION:**

### A. Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court is required to screen complaints that are filed by an individual who is proceeding in forma pauperis. The court must dismiss a complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In performing the court's screening function under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint fails to state a claim upon which relief can be granted, the court will apply the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).  Under this standard, the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Furthermore, the court must consider whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts

relief cannot be granted.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).  Additionally, a court may dismiss a claim where there is a "dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### B.  Plaintiff's Allegations

In his complaint, plaintiff alleges that in 2004, he pled guilty in New York State to one count of Attempted Dissemination of Indecent Material to a Minor in the First Degree.  (Rec. Doc. No. 1, at 1.)  He further alleges that on July 18, 2007, he was interviewed by Walmart in Wilkes Barre, Pennsylvania and was offered the position of cashier pending a background check and drug test.  (Id. at 2.)  He was then told that he would not pass the background check due to his prior felony.  (Id.)  Plaintiff then decided to revoke his permission for the background check.  (Id.)  Needless to say, it appears that plaintiff did not get the position.  Furthermore, plaintiff alleges that Walmart has a policy of refusing to hire anyone with a prior felony conviction for "any sex crime of moral turpitude or sexual violence."  (Id. at 3) (emphasis removed).

### C.  Plaintiff's Complaint Fails to State a Claim

3

At first glance, it appears that plaintiff's claim is one of discrimination against felony sex offenders. Title VII of the Civil Rights Act of 1964 states that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Clearly, felony sex offenders are not a protected class under the statute.

Nevertheless, plaintiff also appears to pursue his Title VII claim on a theory that defendant's policy of refusing to hire felony sex offenders has a disparate impact against racial minorities because they are more likely to have been convicted of a felony. (Rec. Doc. No. 1, at 4.) In <u>Griggs v. Duke Power Co.</u>, the Supreme Court held that under Title VII, "practices, procedures, or tests neutral on their face, and even neutral in terms of intent, cannot be maintained if they operate to 'freeze' the status quo of prior discriminatory employment practices." 401 U.S. 424, 429-30. This idea has since been codified into Title VII. Specifically, the statute now states that "[a]n unlawful employment practice based on disparate impact is established [if] a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent

with business necessity." 42 U.S.C. § 2000e-2(k).

Nevertheless, we find that plaintiff fails to state a claim. Even if we were to find that a policy of excluding felony sex offenders could conceivably have a disparate impact on racial minorities and be sufficient to state a claim at the motion to dismiss stage of the proceedings, plaintiff's claim fails for the simple reason that he is admittedly not a racial minority. (Rec. Doc. No. 1, at 2.) In other words, we do not believe that plaintiff has standing to challenge such a policy. Although he has been affected by defendant's policy in the sense that he was not hired because he is a felony sex offender, he was not unlawfully affected by it because the policy did not have a disparate impact on a protected class of which he is a member. Therefore, we find that the complaint fails to state a claim upon which relief may be granted and will dismiss the complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis is GRANTED. (Rec. Doc. No. 2.)

2. Plaintiff's motion for appointment of counsel is DENIED. (Rec. Doc. No. 3.)

3. The complaint is dismissed for failure to state a claim upon which

       relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii).

4.      The clerk is directed to close the case file.

5.      Any appeal from this order is not taken in good faith.


                                              s/ James F. McClure, Jr.
                                              JAMES F. McCLURE, JR.
                                              United States District Judge